IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RYAN VANWINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case Number CIV-21-1143-C |
| | ) | |
| TALIA JANE CAPPS VANWINKLE, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff, appearing pro se and in forma pauperis, filed the present action raising various claims all related to his dispute with Defendant after she allegedly reported to the police that he was illegally possessing firearms. Plaintiff relies on several federal statutes which he argues give the Court jurisdiction to consider this dispute.

Pursuant to the directives of 28 U.S.C. § 1915, the Court has reviewed the allegations of the Complaint. Of particular relevance is subpart (e)(2) of § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court is mindful that Haines v. Kerner, 404 U.S. 519 (1972), requires a liberal construction of pro se complaints. However, the Court is not required to imagine or

assume facts in order to permit a complaint to survive. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Applying these standards, the Complaint must be dismissed under § 1915(e)(2)(B)(ii), as it fails to state a claim for relief.

The statutes on which Plaintiff relies are either inapplicable in this matter or do not provide an independent cause of action. Plaintiff cites 28 U.S.C. § 4101. That statute offers definitions applicable when the Court is considering the enforceability of a foreign judgment. Plaintiff also cites 42 U.S.C. § 1983. That statute provides a mechanism to bring Constitutional violation claims against a state entity. Neither has applicability to the facts as pleaded by Plaintiff. Plaintiff also cites three criminal statutes: 18 U.S.C. § 1001, which makes it a crime to lie to a federal officer; 18 U.S.C. § 1038, which criminalizes making false allegations and 25 C.F.R. 11.404 criminalizes false imprisonment in areas governed by tribal authority. None of these statutes provide a basis to pursue civil liability against a person. Thus, Plaintiff's Complaint fails to state a claim for relief.

Accordingly, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint (Dkt. No. 1) is DISMISSED without prejudice.

IT IS SO ORDERED this 9th day of December 2021.

ROBIN J. CAUTHRON
United States District Judge